UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | File No. 1:02-cr-00025-jgm-1 |
| | : | |
| DARRELL P. LAFLAM, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

RULING ON MOTIONS
(Docs. 142, 143, 144, 145)

On April 19, 2016, Defendant Darrell P. LaFlam, proceeding pro se, filed a petition for writ of habeas corpus ad prosequendum (Doc. 142), a motion for hearing (Doc. 143), an emergency motion to take judicial notice pursuant to Federal Rule of Evidence 201(d) (Doc. 144), and an emergency motion to appoint counsel (Doc. 145).  The motions were transferred to this Court because of the Court's jurisdiction over LaFlam's supervised release.  The government responded to the motion for writ of habeas corpus (Doc. 146) and LaFlam filed a reply (Doc. 147).

In February 2003, a jury convicted LaFlam on two counts of bank robbery, two counts of armed bank robbery, and one count of attempted witness tampering.  Following a partially successful 28 U.S.C. § 2255 motion, see Doc. 101, he was sentenced as a career offender to 180 months' imprisonment and five years of supervised release for the two counts of armed robbery and one count of witness intimidation.  (Doc. 121.)  In August 2008, the sentence was affirmed on appeal.  (Doc. 133.)  LaFlam was released from his federal sentence in May 2015 to begin his term of supervised release in the Eastern District of Tennessee.

On March 1, 2016, LaFlam was arrested on multiple state felony charges in Franklin County Tennessee and has been held on those charges since his arrest.  On March 10, the Vermont federal Probation Office submitted a request to this Court for a supervised release warrant, based on a

variety of alleged violations of supervised release, that was granted on March 15. (Doc. 140 (sealed).) The warrant was filed as a detainer in Tennessee. As the government notes, because LaFlam has not been released on the state charges, he has not been arrested on the federal supervised release violation. See Doc. 146 at 1-2.

LaFlam seeks a hearing on his supervised release violation based on Federal Rule of Criminal Procedure 31.1(a)(1). (Docs. 142, 143.) The Court construes LaFlam's citation to Fed. R. Crim. P. 31.1(a)(1) as an oversight as his motion quotes Rule 32.1. Rule 32.1 provides a "person held in custody for violating . . . supervised release must be taken without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 32.1(a)(1). Because LaFlam is not in federal custody based on a violation of supervised release, this Rule is inapplicable. Further, in his reply, LaFlam states he is not seeking to be brought to Vermont for a hearing. (Doc. 147 at 1-2.) Instead, he requests the Court withdraw the warrant and direct the United States District Court for the Eastern District of Tennessee to reenter the warrant and afford him a hearing. Id. at 6.

The Court declines to "withdraw the warrant." As the government notes, resolution of the pending state charges will facilitate resolution of the pending supervised release violation. (Doc. 146 at 2.) Accordingly, LaFlam's petition for writ of habeas corpus ad prosequendum (Doc. 142), motion for hearing (Doc. 143), emergency motion to take judicial notice pursuant to Federal Rule of Evidence 201(d) (Doc. 144), and emergency motion to appoint counsel (Doc. 145) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of June, 2016.

                                        /s/ J. Garvan Murtha
                                        Honorable J. Garvan Murtha
                                        United States District Judge